## WOODWORTH v. CARMAN.

1. **Mortgage:** DEED: EVIDENCE. To establish that a deed absolute upon its face is a mortgage, the evidence must be clear and satisfactory.

2. ———: ———: SALE. Where the grantee went into possession, made valuable improvements, and with the knowledge of the grantor subsequently sold the property, the transaction was held to have been a sale.

*Appeal from Fremont District Court.*

WEDNESDAY, JUNE 14.

THE plaintiff avers, in substance, that in May, 1864, he borrowed of the defendant $180, to be paid in one year with interest, and to secure the same, conveyed to defendant the

land in question; that defendant took possession of the land, and enjoyed the rents and profits until March, 1868, when he sold the said land; that the rental value of said land was $150 per.year. The plaintiff prays that the deed be declared to be a mortgage, and that defendant be required to account.

The defendant denies that he loaned the plaintiff money, and avers that the conveyance to him of said land was absolute, and not by way of mortgage. The plaintiff's petition was dismissed, and, from the order dismissing it, he now appeals.

*Dalby & Wynn*, for appellant.

*Cornish & Draper*, for appellee.

ADAMS, J.—It is conceded by appellant that where a person seeks to show that a deed, absolute on its face, was in fact a mortgage, the evidence in support of such claim should be clear and satisfactory. How, then, does the evidence in this case stand? The plaintiff's claim is supported by the testimony of himself and wife. On the other hand, the defendant and one Hindman testify positively that the transaction was a sale. Supposing the witnesses to be of equal credibility, we cannot say that the presumption that the deed is what it purports to be, was overcome. But, in addition to that, the defendant went into possession, and held the property for four years without accounting. He made improvements to the amount of some four hundred dollars, without any agreement with the plaintiff in relation thereto, the plaintiff knowing of the same. The plaintiff. knew also of the sale by defendant, and was consulted by defendant as to how a good title could be made to the purchaser, one deed in the chain of title not having been recorded. The defendant made no objections to the sale and asked for no accounting, although the rents and profits had been more than sufficient to pay the debt, according to his allegations.

The evidence in the case is voluminous and conflicting. Without discussing it further, we will say that we are of the opinion that the transaction was a sale, and that the plaintiff's petition was properly dismissed.                AFFIRMED.